The Court,

Wootten, J.,
charged the jury: You are already aware that this action, ordinarily called an action of assumpsit, was instituted by Mary Walraven, the plaintiff, against Thomas 0. Jones, the administrator of George 0. Frank, deceased, with the view of recovering compensation for services alleged to have been rendered by her, as a hired woman or servant to the deceased, in his lifetime, commencing on the 14th of January, 1828, and running down to the 4th of June, 1855, covering a period of twenty-seven years, four months, and twenty days, at $3 per week, amounting in the aggregate to the sum of $4272.66, subject to a credit of $750.
To the plaintiff’s claim, the defendant, through his counsel, sets up three several and distinct matters of defence.
*359 1. That the plaintiff, Mary Walraven, stood in the relation of a mistress to George 0. Frank, and lived in a state of cohabitation with him, and is not, therefore, entitled to recover for services rendered during the continuance of such connection, because of the immorality and illegality of the relation in which they lived. 2. That the money which she acknowledges already to have,received amounts to inore than her services were worth. And, 3. The act of limitations.«
The first branch of the defence renders the relation in which these parties, Mary Walraven and George C. Frank, stood to each other, a very important fact to be determined by you in the .consideration of this case.
If she lived with him in the character and capacity of a hired wom^n or servant, for the purpose of performing the ordinary and legitimate duties and service^ of a house girl or servant, and did actually perform such services in and about his house, the law implied a . contract, and raises a promise, on the part of George 0. Frank, to pay her what her services were reasonably worth. In the absence of any express contract, the law presumes such a contract, and implies' a promise to pay, from the fact that services were rendered.
If the jury should be ‘of opinion, therefore, from the evidence in the cause, that the plaintiff lived in and about the house of George C. Frank in the character and capacity of a hired woman or servant, and as such rendered services to him, she is entitled to recover a fair and reasonable compensation for them, to be ascertained by you from the evidence in the cause; but in estimating these services, you will consider the payment or credit of $750, which she acknowledges to have received; having regard, however, to what I shall hereafter say to you in reference to the statute of limitations, which is relied on by the defendant as a distinct branch of defence, and as a bar to this action.
But if you should.be of opinion that the plaintiff, Mary Walraven, did not live with George 0. Frank in the char *360 acter and capacity of a hired woman or house servant, but that she lived there as his mistress, in a state of cohabitation with him, the law—which discountenances^ immorality in all its forms and phases, and especially of such a character as that which is attributed to these parties—refuses its sanction to any undertaking founded upon an immoral and illegal consideration, and will not, therefore, presume a contract in the absence of an express one; nor, indeed, would it enforce an express 'contract founded upon such an immoral and, consequently, illegal consideration.
If, therefore, the plaintiff stood in the relation of a mistress to George C. Frank, and not as a hired woman or servant, she is not entitled to recover, although she may have rendered services in and about his house.
Every contract, whether it be express or implied, must have a valuable and legal consideration; and the policy of the law, which holds all contracts, either express or implied, based upon immoral considerations, null and void, is founded in good sense and wisdom. Hence it is that services, rendered by a hired servant, constitute a good consideration to support an action for the value of the services, upon an implied contract, in the absence of an express one, upon proof of the service; and that the consideration of a woman’s living with a man as his mistress, in a state of cohabitation with him, is not a sufficient consideration to support an action for services.
These are the principles of law applicable to the case, and it is now for you to apply the law, as we have announced it to you, to the facts, and then, determine in what relation the plaintiff lived with George 0. Frank. If she lived with him in the character and capacity of a hired woman or servant, she is entitled to recover such compensation as her services were reasonably worth. But if she lived with him as his mistress, in a state of eo- \ e habitation with him, she is not entitled to recover anything, either upon an express or implied contract; for, as I have before said to you, the law does not recognize, but *361 makes absolutely null and void all contracts tending to promote fornication and prostitution. •
If; however, upon a proper application of the facts proved before you, to the law as already stated, in your judgment she is entitled to recover, then the next matter for you to consider will be, for what length of time, and the amount. The time is to be measured by the act of limitations, and the amount, by the evidence in the cause of the value of the services rendered, and not barred by the act.
The statute of limitations applies to the whole period of time for which the services are claimed to have been rendered, except the three years immediately preceding the institution of the suit. But for any services rendered within those three years, the statute would not operate as a bar, and she would be entitled to recover, so far as the act of limitations is concerned, or in other words, if she is entitled to recover at all, such sum as the services so rendered were worth, over and above the $750, which she has, according to her own admission, already received; but if the amount which she has received is fully equal to, or more than the amount of the services rendered within the three years, then she is not entitled to recover anything.
You will perceive now, gentlemen, that the plaintiff’s right of recovery depends entirely upon the relation in which she stood to George 0. Frank. If in that of a hired woman or servant, she would be entitled to recover something, provided she has not already received adequate remuneration, to be determined by the evidence and rules of law applicable to the case. But if she bore the relation of a mistress, and cohabited with him as such, she is not entitled to recover at all, and your verdict should be for the defendant.